RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
GEORGE A. ALOUPAS (SBN 313112)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE: (949) 458-9675
FACSIMILE:  (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM; GAA@QUINTLAW.COM

Attorneys for Plaintiff, LISA MULLINS on behalf of herself and on behalf of a Class of all other persons similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MULLINS, on behalf of herself and on behalf of a Class of all other persons similarly situated, <br><br>       Plaintiffs, <br><br>   vs. <br><br> GC SERVICES Limited Partnership, a Delaware Limited Partnership, <br><br>       Defendant. | **Case No.: 8:17-cv-01601** <br> **CLASS ACTION** <br> **Assigned For All Purposes To:** <br><br> **Dept.:** <br> **CLASS ACTION COMPLAINT FOR:** <br> 1. **UNLAWFUL RECORDING AND INTERCEPTING OF COMMUNICATIONS PENAL CODE § 632.7** <br> 2. **UNLAWFUL RECORDING OF AND EAVESDROPPING UPON CONFIDENTIAL COMMUNICATIONS PENAL CODE § 632** <br> 3. **UNLAWFUL WIRETAPPING, PENAL CODE § 631;** <br> 4. **UNLAWFUL COMPETITION BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.** <br> 5. **NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C § 227 ET SEQ.; and** <br> 6. **KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C § 227 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

All allegations in this Class Action Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff and her counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery.  Plaintiff LISA MULLINS, on behalf of herself and all others similarly situated, complains of Defendant and for causes of action alleges:

**1.    INTRODUCTION**

1.      This is a class action, pursuant to Federal <u>Rules of Civil Procedure</u>, <u>Rule</u> 23, on behalf of Plaintiff and all similarly situated consumer Class Members who were contacted by GC SERVICES LIMITED PARTNERSHIP, a Delaware Limited Partnership, or by its agents, employees, or affiliated entities within the State of California.  Along with Plaintiff, the California consumers are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.      Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to the California Invasion of Privacy Act ("CIPA"), <u>Penal Code</u> § 630 et seq., and for negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").  Defendant followed a policy and practice of illegally monitoring and recording calls made to and from Defendant's Collection Representatives and/or agents to and from persons in the Class in the state of California.  Defendant has a policy and practice by which Defendant's agents make multiple telephone calls to persons in the State of California for the purpose of collecting debts purportedly owed by that person.  Defendant intentionally and surreptitiously monitored and recorded telephone calls to and from Defendant's Collection agents and to Class Member persons within the State of California without warning or disclosing to callers that they were doing so.

3.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls

CLASS ACTION COMPLAINT

dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11.  Congress notably found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (*citing* Congressional findings on TCPA's purpose).

5.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6.    Also for at least one (4) years prior to the original filing of this action and through to the present, Defendant has had a consistent policy and practice of recording telephone conversations without the consent of all parties violating CIPA and the TCPA. Specifically, Defendant's policy and practice violated Penal Code § 632.7, which prohibits the recording of a communication made from a cellular or cordless telephone without the consent of all the parties to the communication; Penal Code § 632, which similarly prohibits the recording or intercepting (i.e. monitoring) of a confidential communication made from a hardwired landline telephone without the consent of all parties to the communication; and Penal Code § 631, which prohibits unauthorized wiretapping to gain access to the contents of a telephone communication.

7.    As a result of Defendant's violations, thousands of individuals who called or were called by Defendant's agents in California to and/or from a hardwired landline,

cellular or cordless telephone were monitored and recorded by Defendant surreptitiously and without disclosure. Therefore, they are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

8.    The "Class Period" is designated as the time from four years prior to filing of the this complaint through the entry of judgment, based on the allegations as described herein, as they have been ongoing for at least the four year prior to the filing of this Complaint.

## 2.    PARTIES

### A.    Plaintiff

9.    Plaintiff LISA MULLINS at all relevant times was and is a natural person and a resident of the State of California, County of Orange who received an alleged traffic violation in the County of Los Angeles.  Plaintiff and the Class Members were and are at all times mentioned herein, natural persons that reside in the State of California.  Plaintiff and the Class Members were and are at all times mentioned herein a person residing in the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39), as are the other Class Members.

### B.    Defendant

10.    Defendant is GC SERVICES LIMITED PARTNERSHIP, a Delaware Limited Partnership who maintains its principle executive offices in Houston, Texas, ("GC Services" or "Defendant").  GC Services claims to be the largest privately-held outsourcing provider of call center management and collection agency services in North America. Defendant offers call center agents to accommodate various creditors.  See generally https://www.gcserv.com/.  Defendant GC SERVICES LIMITED PARTNERSHIP was and is at all times mentioned herein has been a "person" as defined by California Penal Code § 632(b), and conducts collection services for the County of Los Angeles and other counties, cities and businesses.  It also is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.     Plaintiff and the Class members are informed and believe, and based on that information and belief allege that at all times relevant herein, Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

**3.     JURISDICTION AND VENUE**

12.     This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law.  *See* 47 U.S.C. § 227(b).  As for the causes of action under the California Invasion of Privacy Act ("CIPA"), California Penal Code § 630 *et seq*., this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Upon information and belief, Defendant regularly and continuously conduct business in the State of California, and thus, personal jurisdiction is established.  Defendant GC SERVICES LIMITED PARTNERSHIP is also registered to do business in the State of California.

14.     Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391.  On information and belief, Defendant is doing business in Los Angeles County, and each Defendant is within the jurisdiction of this Court for service of process purposes.  The traffic ticket debt that Defendant was contacting Plaintiff about occurred in Los Angeles County, and the County of Los Angeles contracted with Defendant to collect debts for it and on its behalf.  Further, the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendant has placed calls to and contacted and recorded numerous Class Members in Los Angeles County.

**4.     FACTUAL BACKGROUND**

15.     Plaintiff and the Class Members are, and at all times pertinent hereto have been, residents of the State of California. Plaintiff and the Class Members are consumers in

CLASS ACTION COMPLAINT

the State of California and are and have been "persons" as defined by 47 U.S.C. § 153 (39).

16.    Upon information and belief, Defendant is the largest privately-held outsourcing provider of call center management and collection agency services in North America. Defendant offers call center agents to accommodate various creditors.  Defendant regularly makes autodialed phone calls with a pre-recorded message or by calls directly from employees or agents of Defendant to consumers in order to collect debts, including Plaintiff's debt based in Los Angeles County.  In so doing, Defendant and its agents, upon information and belief, unlawfully recorded conversations with and responses from Plaintiff and the Class Members.

17.    Upon information and belief, Plaintiff did not provide her number to Defendant or Defendant's agents.

18.    Upon information and belief, During the Class Period Defendant had a pattern and practice of illegally eavesdropping and recording the conversations of Class Members without their knowledge or consent. Defendant intentionally used technology consisting of hardware and/or software to carry out a practice and policy of recording calls made to and from California-based Class Members and Defendant's Agents.

19.    On information and belief, Plaintiff alleges that Defendant's actions as described throughout this Complaint were willful.  Defendant's agents and representatives were directed, trained, and instructed to, and did, record telephone calls between Defendant's call centers and callers, including California Class Members.

20.    On or about **July 10, 2017**, Plaintiff received a telephone call from Defendant. Plaintiff answered the telephone call and Defendant's agent who, on information and belief, is named Ms. Morales, regarding the collection of an alleged debt.  Plaintiff was never made aware that the call was being recorded and never consented to being recorded by electronic means without consent.  Plaintiff then inquired as to whether the call was in fact being recorded.  Defendant's agent responded in the affirmative that she was being recorded, and in response, Plaintiff terminated the phone call.

CLASS ACTION COMPLAINT

21.     On or about **July 18, 2017**, Plaintiff received a telephone call from Defendant. Plaintiff answered the call and one of Defendant's agents began to attempt to collection an alleged debt owed by Plaintiff.  Again, Defendant's agent did not notify Plaintiff that the call was being recorded.  Plaintiff was never made aware that the call was being recorded and never consented to being recorded by electronic means without consent.  On or about **July 24, 2017**, the Defendant again called and did not notify Plaintiff that the call was being recorded.  Plaintiff was never made aware that the call was being recorded and never consented to being recorded by electronic means without consent.

22.     On or about **August 4, 2017**, Plaintiff received a telephone call from Defendant.  The call used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).  That ATDS then left a prerecorded voice message on Plaintiff's cellular telephone.

23.     Plaintiff did not provide Defendant with a "prior express consent" nor written consent to receive calls to her cellular telephone, including those calls by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2).

24.     Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25.     Upon information and belief, the ATDS equipment used by Defendant to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

26.     Defendant did not have prior express consent nor written consent to place calls to Plaintiff's or the Class Members' cellular number and falsely entice individuals to return Defendant's calls.  Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

CLASS ACTION COMPLAINT

27.     Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28.     Defendant's Managers and Representatives were not trained nor instructed; or such training and instruction was not enforced or monitored, to provide Class Members notice that the conversations they were having might be monitored and/or recorded.  Upon information and belief, Defendant does not provide and has not provided the Class Members with a "pre-recorded" message informing them that such monitoring and/or recording may be taking place.

29.     Defendant employs Managers who in turn manage a team of Agents who each make collection calls within and into California on a daily basis, attempting to collect debts that the Class Members purportedly owe to third parties.  The majority of their collection calls are made within or to individuals in the State of California and many in the County of Los Angeles.  Class Members were never informed that the calls were being recorded, in violation of the California <u>Penal Code</u>.

30.     All of this is done without notifying the Class Members that the conversation may be "monitored or recorded."  In fact such warnings are routinely and regularly ignored by Defendant's agents, who provided no warning at the start of the conversation that the call was being recorded.  Upon information and belief it is a daily routine and practice that Defendant's agents record such conversations electronically on Defendant's phone system. Defendant's collection agents are in fact instructed and encouraged to record these conversations to then use as training tools to increase collections.  On information and belief, these recordings are then stored in Defendant's phone system/database.

31.     Plaintiff, on information and belief, further alleges that Defendant, during the proposed Class Period, had a pattern and practice or eavesdropping and recording conversations of thousands of Class Members without their knowledge or consent.  Since there were no warnings that calls would be recorded, Plaintiff and the Class Members had a reasonable expectation that their telephone conversations with Defendant's employees and

agents were, and would remain, private to the parties on the telephone.  The secret monitoring and recording of these conversations without notice and consent is an invasion of privacy and highly offensive and intrusive to a reasonable person, including Plaintiff and Class Members.

## 5.   CLASS ALLEGATIONS

32.   Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal <u>Rules of Civil Procedure</u>, <u>Rule</u> 382.  Plaintiff seeks to represent a Class composed of and defined as:

> **All current California residents who received any telephone call from Defendant or its agents and/or employees, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial pre-recorded voice, and who participated in one or more telephone conversations with Defendant's agents and/or representatives via a cellular, cordless or hardwired landline telephone while the resident was located in the State of California, whose call(s) were monitored and recorded by Defendant surreptitiously or without disclosure during the Class Period of four years prior to the filing of this complaint until entry of judgment.**

33.   Defendant and its employees or agents are excluded from the Class. Plaintiff is unaware of the exact number of members of the Class, but believes the Class Members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34.   Defendant, via its unlawful actions, have violated Plaintiff and the Class Members' privacy rights under the CIPA, California <u>Penal Code</u> § 630 et seq.  There is a well-defined community of interest in the litigation and the questions of law and fact raised by Defendant's alleged violations of the California <u>Penal Code</u>, as Plaintiff seeks to represent the Class containing numerous members who were monitored and recorded by Defendant without their knowledge or consent.  Further, the proposed Class is clearly ascertainable and Class Members easily identifiable via Defendant's phone system records and/or Defendant's telephone company's record of calls, recordings, and supporting

documents.   As described below, this action also satisfies the numerosity, commonality, predominance, typicality, adequacy, and superiority requirements of these provisions.

### A.   <u>Numerosity</u>

35.   The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.   Plaintiff estimates there are more than **1,000** Class Members.   While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has contacted several thousand potential Class Members.

36.   Upon information and belief, Plaintiff alleges Defendant's business records would provide information as to the number and location of all Class Members.   Joinder of all members of the proposed Classes is not practicable.   The Class can be identified through Defendant's records or Defendant's agents' records.

### B.   <u>Commonality</u>

37.   There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)   Whether, within the four years prior to the filing of this Complaint, Defendant had a policy and practice of monitoring and recording telephone calls to and from the proposed Class Members;

(b)   Whether Defendant had a policy and/or practice during the Class Period of not disclosing and/or providing notice to the proposed Class Members that the conversations might be recorded or monitored;

(c)   Whether Defendant's conduct was knowing and/or willful;

(d)   Whether Defendant had a policy and/or practice during the Class Period of not obtaining consent from the proposed Class Members to the monitoring and recording of telephone conversations;

(e)   Whether Defendant violated California <u>Penal Code</u> § 632.7 during the proposed Class Period by monitoring and recording telephone

CLASS ACTION COMPLAINT

conversations between the proposed Class Members on cellular or cordless telephones in California and Defendant's agents and/or representatives without the knowledge or consent of the Class Members;

(f) Whether Defendant violated California Penal Code § 632 during the proposed Class Period by monitoring and recording telephone conversations between the proposed Class Members on a hardwired landline telephone in California and Defendant's agents and/or representatives without the knowledge or consent of the Class Members;

(g) Whether Defendant violated California Penal Code § 631 during the proposed Class Period by engaging in unauthorized wiretapping of telephone conversations between proposed Class Members in California and Defendant's agents and/or representatives without the knowledge and consent of the Class Members;

(h) Whether Class Members are entitled to statutory damages of **$5,000.00** under California Penal Code § 637.2 for every violation of California Penal Code §§ 631, 632, and 632.7;

(i) Whether Defendant violated California Business and Professions Code §§ 17200 et seq. by surreptitiously monitoring and recording conversations as prohibited by California Penal Code §§ 631, 632, and 637.2.

(j) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

CLASS ACTION COMPLAINT

(k)     Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(l)     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

(m)     Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

There are common answers to these questions which further demonstrate that class treatment is appropriate in this case.

**C.     Typicality**

38.     The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of the laws, regulations, and statutes as alleged herein.

**D.     Adequacy of Representation**

39.     Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.   Counsel who represent Plaintiff are competent and highly experienced in litigating large employment and wage & hour class actions, and have even participated in a jury trial of a certified class action.   Plaintiff has no interests that are antagonistic to any member of the Class.

**E.     Superiority of Class Action**

40.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to each of the Plaintiff Classes predominate over any questions affecting only individual members of the Class.   Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices alleged in the Complaint.

41.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the

CLASS ACTION COMPLAINT

judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

42.     Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members of each of the Plaintiff Classes that would set forth the subject and nature of the instant action. The Defendant's own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required, additional media and/or mailings can be used.

43.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## 6.     DELAYED DISCOVERY

44.     Defendant, as a debt collector doing business in the State of California, had a duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendant's practices, policies with respect to contacting California residents and recording their calls without their permission, and without even getting permission from the California Class Members.   In addition, Defendant knew they possessed special knowledge about these practices and policies, most notably using an ATDS to call California residents and then if Defendant was able to get in contact with said California resident, then attempting to collect debt while recording the telephone call without telling said California resident nor seeking consent from said California Resident.

45.     Plaintiff and Plaintiff Classes did not discover the fact that they were victims of Defendant, their ATDS, and the fact that Defendant was surreptitiously recording calls until shortly before the filing of this lawsuit.   As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

///
///
///
///

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION
## <u>UNLAWFUL RECORDING AND INTERCEPTING OF</u>
## <u>COMMUNICATIONS</u>
### [California <u>Penal Code</u> § 632.7]
### (Against GC Services L.P.)

46.   Plaintiff and the Plaintiff Classes re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

47.   Plaintiff alleges that during the Class Period that Plaintiffs and Class Members each participated in at least one telephone call with Defendant's employees or agents that was made to or within California while the Class Member was on a cellular or cordless telephone.

48.   Plaintiff alleges that during the Class Period, Defendant had a policy and practice of using a telephone system that enabled Defendant to surreptitiously, without knowledge or consent, monitor and record conversations between Defendant's agents and/or representatives and Class Members on cellular or cordless telephones.

49.   Plaintiff alleges that during the Class Period, Defendant had a policy and practice of using a telephone system surreptitiously, without knowledge or consent, to monitor and record conversations between its Collection Representatives and Class Members on cellular or cordless telephones.

50.   Plaintiff alleges that during the Class Period, Defendant had and followed a policy or practice of not providing notice or warning to Plaintiff or Class Members that their cellular and cordless telephone communications with Defendant's agents and/or representatives were to be monitored and recorded. Since Defendant did not disclose to Plaintiff and Class Members their calls were being monitored and recorded, Defendant did not obtain, nor could have obtained, express or implied consent to the monitoring and recording of said conversations.

As a result, Plaintiff and Class Members had an objectively reasonable expectation of privacy from the surreptitious and convert practice of monitoring and recording conversations.

51.     Defendant have failed to provide even the now common and simple pre-recorded message that such collection calls may be "monitored or recorded for quality assurance purposes."  The failure to provide such warnings, or actual live notice that such conversations may be monitored and recorded provided the Plaintiff and Class Members the reasonable expectation that such conversations were private, confidential and not being monitored and recorded.  The failure of such warnings would provide a reasonable person the belief and security that their discussions were not being recorded and they could discuss confidential financial or personal information that they would not normally want eavesdropped on and recorded.  As the California Supreme Court has stated, "in light of the circumstances that California consumers are accustomed to being informed at the outset of a telephone call wherever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to personal financial information frequently disclosed in such calls."  *Kearney v. Salomon Smith Barney* 39 Cal.4th 95, fn. 10 (2006).

52.     Defendant's conduct as described herein violated California Penal Code § 632.7(a). Under California Penal Code § 637.2, Plaintiff and Class Members are therefore entitled to **$5,000.00** in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and the Class Members are also entitled to injunctive relief to enjoin further violations.

///

///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## UNLAWFUL RECORDING OF AND EAVESDROPPING UPON

## CONFIDENTIAL COMMUNICATIONS

### [California Penal Code § 632]

### (Against GC Services L.P.)

53.   Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

54.   Plaintiff is informed and believes, and based on that information and belief alleges that during the Class Period that Plaintiffs and Class Members each participated in at least one telephone call with Defendant's employees or agents that was made to or within California while the Class Member was on a hardwired landline telephone.

55.   Plaintiff alleges that during the Class Period Defendant had a policy and practice of using a telephone system that enabled Defendant to surreptitiously, without knowledge or consent, monitor and record conversations between its agents and/or representatives and Class Members on a hardwired landline telephone.

56.   Plaintiff is informed and believes, and based on that information and belief hereby alleges that during the Class Period Defendant had a policy and practice of using a telephone system surreptitiously, without knowledge or consent, to monitor and record conversations between its agents and/or representatives and Class Members on a hardwired landline telephone.

57.   Plaintiff alleges that during the Class Period Defendant had and followed a policy or practice of not providing notice or warning to Plaintiff or Class Members that their hardwired landline telephone communications with Defendant's agents and/or representatives were to be monitored and recorded.  Since Defendant did not disclose to Plaintiff and Class Members their calls were being monitored and recorded, Defendant did not obtain, nor could have obtained, express or implied consent to the monitoring and

recording of said conversations.   As a result, Plaintiff and Class Members had an objectively reasonable expectation of privacy from the surreptitious and convert practice of monitoring and recording conversations.

58.   Defendant has failed to provide even the now common and simple pre-recorded message that such collection calls may be "monitored or recorded for quality assurance purposes".   The failure to provide such warnings or actual live notice that such conversations may be monitored and recorded provided the Plaintiff and Class Members the reasonable expectation that such conversations were private, confidential and not being monitored and recorded.   The failure of such warnings would provide a reasonable person the belief and security that their discussions were not being recorded and they could discuss confidential financial or personal information that they would not normally want eavesdropped on and recorded.   As the California Supreme Court has stated, "in light of the circumstances that California consumers are accustomed to being informed at the outset of a telephone call wherever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney* 39 Cal.4th 95, fn. 10 (2006).

59.   Defendant's conduct as described herein violated California Penal Code § 632.   Under Penal Code §637.2, Plaintiff and Class Members are therefore entitled to **$5,000.00** in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiff and Class Members are also entitled to injunctive relief to enjoin further violations.

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION
### <u>UNLAWFUL WIRETAPPING</u>
### [California <u>Penal Code</u> § 631]
### (Against GC Services L.P.)

60.    Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

61.    Plaintiff is informed and believes, and based on that information and belief hereby alleges that during the Class Period, Defendant had a policy and practice of having supervisors (i.e. Managers) monitor and record telephone calls using a telephone system that enabled Defendant to surreptitiously, without knowledge or consent, monitor and record conversations between its Collection Representatives and Class Members.

62.    Plaintiff alleges that during the Class Period, Defendant had a policy and practice of having supervisors (i.e. Managers) accessing and listening to recordings of calls that either Managers or agents/representatives recorded using a telephone system surreptitiously, without knowledge or consent of Class Members.

63.    Defendant's conduct as described herein violated California <u>Penal Code</u> § 631.  Under California <u>Penal Code</u> § 637.2 Plaintiff and Class Members are therefore entitled to **$5,000.00** in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature. Plaintiff and Class Members are also entitled to injunctive relief to enjoin further violations.

### FOURTH CAUSE OF ACTION
### <u>UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES</u>
### [California <u>Business and Professions Code</u> §§ 17200 et seq.]
### (Against GC Services L.P.)

64.    Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

in this Complaint.

65.     This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class and the subclasses thereof.

66.     At all times relevant hereto, Defendant had a policy and practice of using a telephone system that enabled Defendant to surreptitiously, without knowledge or consent, monitor and record conversations between its agents and/or representatives and Class Members on cellular or cordless telephones.

67.     At all times relevant hereto, Defendant had a policy and practice of using a telephone system surreptitiously, without knowledge or consent, to monitor and record conversations between its agents and/or representatives and Class Members on a hardwired landline telephone.

68.     At all times relevant hereto, Defendant had a policy and practice of not obtaining the consent of Class Members to record the telephone call before recording the telephone call in violation of California Penal Code §§ 632 and 632.7.

69.     At all times relevant hereto, Defendant had a policy and practice of having supervisors (i.e. Managers) monitor and record telephone calls using a telephone system that enabled Defendant to surreptitiously, without knowledge or consent, monitor and record conversations between its Collection Representatives and Class Members.

70.     At all times relevant hereto, Defendant had a policy and practice of having supervisors (i.e. Managers) accessing and listening to recordings of calls that either Managers or agents/representatives recorded using a telephone system surreptitiously, without knowledge or consent of Class Members.

71.     Defendant is a "person" as defined under of Business & Professions Code § 17021.

72.     Since at least four years prior to the present Complaint filing and at all times relevant hereto, by and through the conduct described herein, the Defendant have engaged in unfair, unlawful and fraudulent business practices, in violation of California

Business & Professions Code §§ 17200, et seq., and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

73.     Defendant operates in California and provide services in California to the public as defined in Business & Professions Code §§ 17022 and 17024.

74.     Defendant, as set forth in this Complaint, *supra*, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

> (a)     The fact that Defendant monitored and recorded telephone calls to and from the proposed Class Members;
>
> (b)     The fact that Defendant had a policy and/or practice during the Class Period of not disclosing and/or providing notice to the proposed Class Members that the conversations might be recorded or monitored;
>
> (c)     The fact that Defendant had a policy and/or practice during the Class Period of not obtaining consent from the proposed Class Members to the monitoring and recording of telephone conversations;
>
> (d)     The fact that Defendant violated California Penal Code § 632.7 during the proposed Class Period by monitoring and recording telephone conversations between the proposed Class Members on cellular or cordless telephones in California and Defendant's agents and/or representatives without the knowledge or consent of the Class Members;
>
> (e)     The fact that Defendant violated California Penal Code § 632 during the proposed Class Period by monitoring and recording telephone conversations between the proposed Class Members on a hardwired landline telephone in California and Defendant's agents and/or representatives without the knowledge or consent of the Class Members;

CLASS ACTION COMPLAINT

(f)     The fact that Defendant violated California <u>Penal Code</u> § 631 during the proposed Class Period by engaging in unauthorized wiretapping of telephone conversations between proposed Class Members in California and Defendant's agents and/or representatives without the knowledge and consent of the Class Members;

(g)     The fact that Class Members are entitled to statutory damages of **$5,000.00** under California <u>Penal Code</u> § 637.2 for every violation of California <u>Penal Code</u> §§ 631, 632, and 632.7;

(h)     The fact that Defendant violated California <u>Business and Professions Code</u> §§ 17200 et seq. by surreptitiously monitoring and recording conversations as prohibited by California <u>Penal Code</u> §§ 631, 632, and 637.2;

(i)     The fact that within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

(j)     The fact that Defendant cannot meet their burden of showing Defendant obtained prior express written consent;

(k)     The fact that Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

(l)     The fact that Defendant and it's agents should be enjoined from engaging in such conduct in the future.

75.     Defendant's practices are unlawful, unfair, deceptive, untrue, and misleading.  California residents and consumers like Plaintiff and the Class Members are likely to be deceived by these practices.

76.     As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendant was able to unfairly compete with other facilities in the state of California by not notifying California residents and consumers that their calls were being recorded in violation of Business & Professions Code Chapters 4 and 5, et al.  Due to this unfair business practice, Defendant has been able to increase both their collection amounts and their collection frequency as compared to other comparable entities doing business in the state of California.

77.     The victims of this unfair business practice include, but are not limited to, all residents in the State of California who were contacted by Defendant, competitors of Defendant in the state of California, and the general public.

78.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other California residents, other competitors, and the general public.

79.     By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendant has obtained valuable property, and money from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all residents of the State of California of valuable rights and benefits guaranteed by law, all to their detriment.

80.     Plaintiff and the Class have injury-in-fact as a result of Defendant's conduct. Moreover, Plaintiff and the Class have lost money and time as a direct result of Defendant's unfair, unlawful, deceptive and fraudulent conduct.

81.     All of the acts described herein as violations of, among other things, the California Penal Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

82.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendant has acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff, and the members of the Plaintiff Classes, is not obligated to establish individual knowledge of the unfair practices of Defendant in order to recover restitution.

83.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendant from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

84.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendant's unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendant is restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

85.   Plaintiff also alleges that if Defendant is not enjoined from the conduct set forth herein above, they will continue to fail to notify residents in the State of California that their calls to collect debt are being monitored and recorded.

86.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendant from contacting residents of the State of California in an attempt to collect debt from those residents without notifying them that the call is being monitored or recorded.

87.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendant to disgorge all illegally obtained monies from failing to inform residents of the State of California that their calls were being monitored

and recorded, obtained by way of their violation of California <u>Business & Professions Code</u> §§ 17200, *et seq.*

88.     As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the contacting of residents of the State of California via telephone for the purposes of collecting debt without notifying said resident that the call was being monitored and recorded in violation of California <u>Penal Code</u> § 631 et seq., Plaintiff requests an award of attorneys' fees, pursuant to California <u>Code of Civil Procedure</u> § 1021.5.

**FIFTH CAUSE OF ACTION**

**<u>NEGLIGENT VIOLATION OF THE TCPA</u>**

**[47 U.S.C. § 227 *et seq.*]**

**(Against GC Services L.P.)**

89.     Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

90.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

91.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of **$500.00** in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

92.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SIXTH CAUSE OF ACTION**

**<u>KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA</u>**

**[47 U.S.C. § 227 *et seq.*]**

**(Against GC Services L.P.)**

93.     Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged

CLASS ACTION COMPLAINT

in this Complaint.

94.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

95.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the Class are entitled to an award of treble damages, i.e. up to **$1,500.00** in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

96.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER

WHEREFORE, PLAINTIFF **DEMANDS A JURY TRIAL** and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

> (a)    **$5,000.00** in statutory damages for each and every violation pursuant to California <u>Penal Code</u> § 637.2;

> (b)    Permanent Injunctive relief pursuant to California <u>Penal Code</u> § 637.2 enjoining Defendant from engaging in further conduct in violation of California <u>Penal Code</u> § 630 *et seq.*;

> (c)    An Order declaring that Defendant's actions, as described herein, violate California <u>Penal Code</u> §§ 631, 632, and 632.7; and

> (d)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE SECOND CAUSE OF ACTION:**

> (a)    **$5,000.00** in statutory damages for each and every violation pursuant to California <u>Penal Code</u> § 637.2;

CLASS ACTION COMPLAINT

(b)   Permanent Injunctive relief pursuant to California <u>Penal Code</u> § 637.2 enjoining Defendant from engaging in further conduct in violation of California <u>Penal Code</u> § 630 *et seq.*;

(c)   An Order declaring that Defendant's actions, as described herein, violate California <u>Penal Code</u> §§ 631, 632, and 632.7; and

(d)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE THIRD CAUSE OF ACTION:**

(a)   **$5,000.00** in statutory damages for each and every violation pursuant to California <u>Penal Code</u> § 637.2;

(b)   Permanent Injunctive relief pursuant to California <u>Penal Code</u> § 637.2 enjoining Defendant from engaging in further conduct in violation of California <u>Penal Code</u> § 630 *et seq.*;

(c)   An Order declaring that Defendant's actions, as described herein, violate California <u>Penal Code</u> §§ 631, 632, and 632.7; and

(d)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE FOURTH CAUSE OF ACTION:**

(a)   For the equitable, injunctive and declaratory relief requested;

(b)   For treble damages;

(c)   For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

(d)   For disgorgement of Defendant's profits.

**ON THE FIFTH CAUSE OF ACTION**

(a)   **$500.00** in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

(b)   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A); and

-26-

CLASS ACTION COMPLAINT

(c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE SIXTH CAUSE OF ACTION**

(a)     **$1,500.00** in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(b)     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON ALL CAUSES OF ACTION:**

(a)     For an award of reasonable attorneys' fees to Plaintiff and the Class Members pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law;

(b)     For an award of costs of suit to Plaintiff and the Class Members pursuant to applicable law; and

(c)     For such further relief as this Court may deem just and proper.

Dated: September 14, 2017                    **QUINTILONE & ASSOCIATES**

By: _____

RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorney for Plaintiff LISA MULLINS, on behalf of herself and on behalf of a Class of all other persons similarly situated

-27-

CLASS ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated: September 14, 2017                    **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorney for Plaintiff LISA MULLINS, on
behalf of herself and on behalf of a Class of
all other persons similarly situated

CLASS ACTION COMPLAINT